IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04 CR 993 |
| ) | |
| EDMUND HODGES ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Edmund Hodges' ("Hodges") motion for the entry of a judgment of acquittal and motion in the alternative for a new trial. For the reasons stated below, we deny both motions.

## BACKGROUND

Hodges and his co-Defendants were charged by indictment in this action. Hodges was charged with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count I), kidnaping in furtherance of a bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(e) and 2(Count II), and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(2) (Count IV). A jury trial was held and on May 18, 2006, Hodges was found

1

guilty on all counts brought against him. Hodges now seeks the entry of a judgment of acquittal and moves in the alternative for a new trial.

**LEGAL STANDARD**

A defendant in a criminal case who has been found guilty by a jury may move for an acquittal under Federal Rule of Criminal Procedure 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999))(quoting in addition *United States v. Granados*, 142 F.3d 1016, 1019 (7th Cir. 1998) for the proposition that a court should "overturn the jury's verdict only if the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt"); *United States v. Andrews*, 442 F.3d 996, 1001 (7th Cir. 2006)(stating that "[w]hen evaluating the sufficiency of evidence presented at trial to support a conviction," a court "inquires whether '*any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt'" and that "[t]he record is reviewed in the light most favorable to the government and all reasonable inferences are drawn in the government's favor")(quoting *United States v. Tanner,* 941 F.2d 574, 586 (7th Cir.1991)(emphasis in original); *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(stating that a defendant who challenges the sufficiency of the evidence "faces a nearly insurmountable hurdle")(citation omitted).

A court may provide a defendant found guilty of a crime by a jury with a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision concerning whether a new trial is warranted is "committed 'to the sound discretion of the trial judge.'" *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(quoting *United States v. Woolfolk,* 197 F.3d 900, 904 (7th Cir. 1999)). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *United States v. Morales*, 902 F.2d 604, 605-06 (7th Cir. 1990)(stating that "[a] jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly," but that "if the judge believes there is a serious danger that a miscarriage of justice has occurred-that is, that an innocent

person has been convicted-he has the power to set the verdict aside, . . . even if he does not think that he made any erroneous rulings at the trial").

# DISCUSSION

I. Motion for Entry of Judgment of Acquittal

Hodges moves the court to enter a judgment of acquittal in the instant action, alleging that: 1) there was insufficient evidence to support the findings of guilty entered against him, 2) he cannot be held liable for brandishing a weapon under the aiding and abetting theory, 3) his mere presence at the scene of the crime was not sufficient for a finding of guilty, and 4) certain jury instructions were contradictory and misleading.

### A. Sufficiency of Evidence

Hodges argues that "[i]nsufficient evidence supported a conviction on all counts in this case." (Mot. Acqu. 2). It is not clear by such an ambiguous statement whether Hodges is arguing that he should have been found not-guilty on only some of the counts brought against him. If that is the case, Hodges has failed to make clear which counts he contends lack sufficient evidentiary support. Regardless, Hodges

has failed to show that any of the counts for which he was convicted lacked sufficient evidence. As is indicated above, if a defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *Macari*, 453 F.3d at 936. In the instant action, there was ample evidence presented at trial that implicated Hodges in all the counts that were brought against him. That evidence included testimony at trial, such as the testimony of his co-Defendants, that was sufficient to show that he was guilty of all the charges that were brought against him.

To the extent that Hodges is arguing that the jury should not have believed the testimony offered against him at trial, it was the jury's role at trial to assess the credibility of such testimony. *United States v. Griffin*, 194 F.3d 808, 817 (7th Cir. 1999). A court may overturn a conviction on the basis that the jury erred in its credibility determination only if "a witness's testimony was incredible as a matter of law." *Id.* (quoting *United States v. Salter*, 60 F.3d 270, 275 (7th Cir. 1995)). Hodges has not shown that any of the testimony offered against him was inherently untrustworthy. *See Griffin*, 194 F.3d at 817 (stating also that "[t]o make the

necessary showing that certain evidence is 'incredible as a matter of law' or 'unbelievable on its face,' [the defendant] must demonstrate that 'it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all'")(quoting *United States v. Alcantar*, 83 F.3d 185, 189 (7th Cir. 1996)). Hodges has failed to show that any of the testimony offered against him at trial was incredible as a matter of law. Therefore, Hodges has not shown that there was insufficient evidence to support a finding of guilty on any of the counts brought against him.

### B. Aiding and Abetting Theory

Hodges argues that he could not have been found guilty under the aiding and abetting theory on Count IV for brandishing a firearm in the furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2). In order to convict a defendant under the aiding and abetting theory of violating 18 U.S.C. § 924(c)(1)(A)(ii) and (2) the "jury must find that the defendant knowingly and intentionally assisted the principal's use of a dangerous weapon in a violent felony." *Andrews*, 442 F.3d at 1002. In order to reach such a conclusion, the jury must find that: "(1) the defendant knew, either before or during the crime, of the principal's

6

weapon possession or use; and (2) the defendant intentionally facilitated that weapon possession or use once so informed." *Id.* (stating that "'[m]erely aiding the underlying crime and knowing that a gun would be used or carried cannot support a conviction under 18 U.S.C. § 924(c)'")(quoting *United States v. Woods*, 148 F.3d 843, 848 (7th Cir. 1998)).

In the instant action, there was evidence presented at trial that showed that a gun ("Gun") was used as part of the kidnaping and bank robbery scheme. The evidence presented at trial also showed that Hodges was not simply a passive bystander that did not realize that the Gun was a part of the scheme and that Hodges did much more than merely aid his co-defendants in the execution of the crimes. Evidence was presented that showed that Hodges actively took part in the kidnaping and robbery during which the Gun was used. For example, evidence was presented that showed that Hodges provided the van and drove the van during the armed abduction of one of the victims ("Victim A") when Victim A was threatened with the Gun. Evidence was also presented at trial that showed that Hodges interrogated Victim A at a hotel while Victim A was being held at gunpoint. Such evidence showed that Hodges was aware of the use of the Gun in the criminal scheme and that he intentionally facilitated the use of the Gun. Evidence was also presented that showed that Hodges called his co-Defendant Corey Knighten on the telephone and

7

discussed calling the other victim to the bank where the other victim was threatened with the Gun. Evidence was also presented that showed that Hodges assisted the escape of the other Defendants that possessed the Gun by swapping cars with the other Defendants. Finally, evidence was presented at trial that showed that Hodges was one of the main planners and organizers of the criminal scheme, which involved the use of the Gun.

In *Andrews*, one of the defendants argued that the government had not presented sufficient evidence to show that the defendant aided and abetted other individuals in the use of guns during a robbery. 442 F.3d at 1001. The court in *Andrews* concluded that the evidence that showed that the defendant lent his vehicle to individuals who he knew possessed guns was sufficient to find the defendant guilty under the aiding and abetting theory for brandishing a firearm in the furtherance of a crime of violence. *Id.* at 999, 1002. In the instant action, evidence was presented that tied Hodges to the use of the Gun much more so than the defendant in *Andrews* was connected to the weapons at issue in that case. Hodges did not merely lend his vehicle to others for the use of the crime. Evidence was presented that showed that Hodges actually drove the vehicle during the commission of the crime. In addition, as explained above, evidence was presented that showed that Hodges' involvement was not limited to the use of his vehicle and that he had an

8

active involvement in virtually all of the aspects of the criminal scheme. Thus, Hodges has not shown that he could not have been found guilty under the aiding and abetting theory for brandishing a firearm in the furtherance of a crime of violence. We also note that aside from the aiding and abetting theory, Hodges was guilty of brandishing a firearm in the furtherance of a crime of violence since the actions of his co-conspirators could be imputed to him. *See United States v. Thomas*, 86 F.3d 647, 651 n.6 (7th Cir. 1996)(stating that "the *Pinkerton* doctrine . . . makes defendants liable for the actions of their co-conspirators that were done in furtherance of the conspiracy").

### C. Mere Presence of Hodges

Hodges argues that his mere presence at the scene of the kidnaping and robbery was not sufficient to find him guilty. However, evidence was presented at trial that indicated much more than Hodges' mere presence at the crime scene. Evidence was presented that showed that Hodges was actively involved in the criminal scheme by, for example, interrogating Victim A while he was being held at gunpoint. Thus, evidence was presented that would have enabled the jury to conclude that Hodges was much more than a simple bystander during the robbery and kidnaping.

D. Jury Instructions

Hodges argues that certain jury instructions were contradictory and misleading. In support of his position, Hodges refers to a note sent to the court during the jury deliberations in which the jury sought additional guidance from the court. However, such a request from the jury does not make the instructions contradictory or misleading. The jury merely sought additional guidance from the court. After receiving the jury note, the court discussed the note with the parties and properly instructed the jury to follow the court's original instructions. The jury was able to follow the court's original instructions and reach a verdict. In addition, Hodges offers no explanation for why he believes that any of the court's instructions were contradictory or misleading. Hodges merely states in a conclusory fashion that the "jury was mislead" by the jury instructions. Thus, Hodges has failed to show that the court made any error in regard to any of the jury instructions. (Mot. Acqu. 4); *see also United States v. Lee*, 439 F.3d 381, 387 (7th Cir. 2006)(stating that a "district court is afforded substantial discretion with respect to the precise wording of instructions so long as the final result, read as a whole, completely and correctly states the law"). Therefore, based on the above, we deny Hodges' motion for the entry of a judgment of acquittal.

II. Motion for a New Trial

Hodges argues that he is entitled to a new trial alleging that: 1) there was insufficient evidence to convict him, 2) the jury did not reflect a fair cross-section of the community, 3) the court admitted irrelevant and prejudicial evidence, 4) a Government witness was improperly allowed to give expert testimony, 5) the court improperly limited the cross-examination of co-Defendants, 6) the jury instructions were contradictory and misleading, and 7) Hodges could not be held liable on Count IV under the aiding and abetting theory. As is explained above, there was sufficient evidence to convict Hodges on all the counts brought against him, the jury instructions were not contradictory or misleading, and Hodges was properly found guilty on Count IV.

A. Composition of Jury

Hodges argues that the "jury did not reflect a fair cross-section of the community in violation of his Fifth Amendment Right to Due Process and trial by a jury of his peers." (Mot. New 1-2). However, Hodges provides no explanation for why he believes his conclusory statement to be true and has thus failed to show that there was any impropriety concerning the composition of the jury at his trial. Hodges is moving for a new trial, and, as the movant, it is his burden to demonstrate

that the interests of justice demand a new trial by presenting cogent arguments, along with legal and factual support. *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005)(indicating that it is the defendant's burden to show that a new trial is warranted). Hodges cannot simply make cursory statements in support of his motion for a new trial. *See United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998) (discussing that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). It is Hodges' burden, as movant, to explain why he believes an error was made at his trial that warrants a new trial and he has failed to do so.

We note that during voir dire stage of the trial Hodges made a challenge to the Government's use of peremptory challenges pursuant to *Batson v. Kentucky,* 476 U.S. 79 (1986). When a *Batson* challenge is made: 1) "the defendant must establish a *prima facie* case of racial discrimination by showing facts and circumstances that raise an inference of discrimination," 2) "once the *prima facie* case is established, the government must offer a race-neutral explanation for the challenged strike," and 3) "the defendant may then offer additional evidence to demonstrate that the proffered justification was pretextual or to otherwise establish that the peremptory strike was motivated by a discriminatory purpose . . . ." *United States v. Stephens*, 421 F.3d 503, 510 (7th Cir. 2005). At trial, we properly concluded that Hodges had not presented facts that established a *prima facie* case of racial discrimination and

properly overruled Hodges' *Batson* challenge.

### B. Irrelevant and Prejudicial Evidence

Hodges argues that the court erred by admitting irrelevant and unfairly prejudicial evidence at trial. However, Hodges fails to offer any arguments in regard to his assertion and he fails to even state what evidence he believes was irrelevant or unfairly prejudicial. (Mot. New 2). Thus, Hodges has failed to show that the court erred in the admission of evidence at trial.

### C. Government Witness

Hodges argues that the court erred by allowing Government witness Matthew Alcoke ("Alcoke") to testify about cellular telephone tower operations because Hodges contends such testimony required an expert witness. First, Hodges did not raise this objection at trial. Thus, his current objection is deemed waived. *See Jones v. Lincoln Elec., Co.*, 188 F.3d 709, 727 (7th Cir. 1999)(stating that "[w]hen a party fails to timely and properly object at trial to the admission of evidence, the party is deemed to have waived the issue"). Second, Hodges also stipulated to the admission of the cell-site records showing Hodges' location during the kidnaping and bank robbery. Finally, even if Alcoke's limited testimony on the topic could be deemed

expert testimony, Alcoke was qualified to provide the basic information concerning how cellular telephone towers operate which was within the scope of his personal knowledge. Thus, Hodges has failed to show that the court erred in allowing Alcoke to testify about cellular telephone tower operations.

### D. Limitation on Cross Examination

Hodges argues that the court improperly limited his ability to cross-examine his co-Defendants concerning the benefits that they were receiving from the Government in return for their testimony. The Confrontation Clause of the Sixth Amendment provides a criminal defendant with the right to confront and cross-examine witnesses presented against him at trial. *McGee*, 408 F.3d at 974-75. In the instant action, the court did not place unreasonable limitations on Hodges' cross-examination of his co-Defendants and Hodges was allowed to explore the issue concerning the benefits received by the co-Defendants. The court properly cautioned Hodges not to convey to the jury the punishment that Hodges would face if found guilty. *See United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997)(stating that "jurors should be instructed not to consider a defendant's potential sentence during deliberations"); *see also McGee*, 408 F.3d at 974-75 (stating that "trial courts have wide latitude 'to impose reasonable limits on such cross-examination'") (quoting

*Delaware v. Van Arsdall,* 475 U.S. 673 (1986)). Thus, Hodges has failed to show that the court erred in regard to Hodges' cross examination of his co-Defendants. Based on all of the above, there is no indication that there was a miscarriage of justice at trial or that a new trial would otherwise serve the interest of justice and we deny Hodges' motion for a new trial.

## CONCLUSION

Based on the foregoing analysis, we deny Hodges' motion for the entry of a judgment of acquittal and deny Hodges' motion for a new trial.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 22, 2006