IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 04 CR 993-3 |
| ) | |
| EDMUND HODGES ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Edmund Hodges committed very serious crimes for which he was appropriately given a very significant sentence. As discussed in the court of appeals' decision affirming his conviction and sentence, Hodges and his co-conspirators "abducted a bank supervisor, held him for a couple of days, then returned him to the bank and forced [him] and another employee to open the vault to retrieve the money," *United States v. Hodges*, No. 07-2279, slip op. at 1 (7th Cir. June 17, 2008)–nearly $125,000. Hodges was convicted of conspiracy under 18 U.S.C. § 371, bank robbery with abduction under 18 U.S.C. § 2113(a) & (e), and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii). Hodges did not brandish the firearm himself; a co-conspirator did, and Hodges was convicted on the section 924(c) charge on an accountability theory.

The sentencing judge, who is now retired, imposed a prison sentence of 156 months (thirteen years) on the bank robbery / abduction charge, a concurrent sentence of sixty months on the conspiracy charge, and a consecutive sentence of eighty-four months (seven years) on the section 924(c) charge, making Hodges's total prison term 240 months, or twenty years. The prison term will be followed by a five-year term of

supervised release. Hodges was twenty-one years old at the time of his sentencing in 2007; he is thirty-eight years old now. It appears that he had no felony convictions prior to this case.

Hodges has been, it appears, continuously in custody since his arrest in May 2005—in other words, for a little over fifteen years at this point. His anticipated release date, per the Bureau of Prisons website, is December 2, 2021, about eighteen months from now. But Hodges's attorney states, and the government does not dispute, that he is likely to be released to a residential reentry center (a halfway house) in December 2020, about six months from now.

Hodges has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical conditions and the risks posed by the coronavirus. His motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It is undisputed that Hodges has satisfied the statute's administrative exhaustion requirement. The next question is whether there are "extraordinary and compelling reasons" warranting a reduction. Hodges cites the coronavirus outbreak and his medical condition, which he contends places him at a significantly greater risk of severe injury if he contracts the virus. Hodges suffers from atrial fibrillation, a serious cardiac condition. Serious cardiac conditions are a confirmed risk factor for serious illness if one contracts coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 3, 2020). And Hodges is incarcerated at FCI Elkton, which has the second-highest number of inmates testing positive for coronavirus among Bureau of Prisons institutions: 461 inmates altogether, with nine having passed away from coronavirus disease. *See* https://www.bop.gov/coronavirus/index.jsp (last visited June 2, 2020). The institution's undoubtedly diligent efforts to stem the spread of the virus have, unfortunately, fallen short. So the risk to Hodges is quite real. The Court concludes that he has shown an extraordinary reason warranting consideration of a reduction of his sentence.

The next question is whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Hodges.

3

See U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Hodges's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Hodges; and providing him with any necessary services and treatment.

Hodges committed extraordinarily serious crimes that caused significant harm to his victims, and he deserved a very significant sentence. But at this point he has served fifteen years in prison, over ninety percent of the total prison time he would serve with credit for good behavior. And he is likely to be released from prison (to a halfway house) in only six months. The evidence, as set out by Hodges's counsel, reflects that he has had an exemplary record while imprisoned: steady employment in positions of trust; taking numerous educational courses to improve himself; acting as a reentry mentor for other inmates; and no major disciplinary infractions. And Hodges had no record of felony convictions prior to the offenses of conviction, offenses that he committed at a very young age. In addition, the record reflects that medical procedures typically necessary for a person with atrial fibrillation were and have been delayed for Hodges—perhaps understandably—due to the need to focus on inmates who have contracted coronavirus. Hodges likely would be able to get this medical care upon release.

The Court is being asked to cut about eighteen months from Hodges' sentence

4

given how god-conduct time is calculated. But it is likely only a six-month reduction in his actual prison time. Either way, it cannot reasonably be said that service of fifteen years in prison diminishes the seriousness of Hodges's crimes or undercuts the goals of just punishment or adequate deterrence. For these and the other reasons already discussed, the Court concludes that a reduction of Hodges's sentence—combined with a modification of the terms of supervised release—is consistent with due consideration of the factors in section 3553(a). The Court will, as a condition of reducing Hodges's prison term, add a supervised release condition of eight months of home detention with location monitoring. In other words, Hodges's liberty will continue to be restricted in a significant way for the next eight months. This will help promote his reintegration into the community.

## Conclusion

For the reasons stated, the Court grants defendant Edmund Hodges's emergency motion for compassionate release [dkt. nos. 258 & 266] and reduces the defendant's prison sentence to time served. This is conditioned, however, upon a modification of the terms of supervised release to add a requirement that the defendant serve the first eight months of his release on home detention. Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and Hodges shall abide by all technology requirements. The Clerk will prepare an amended judgment and commitment order.

Date: June 3, 2020

                                                       MATTHEW F. KENNELLY
                                                       United States District Judge